UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20628-CR-GRAHAM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALEJANDRO RABELO,                **REPORT AND RECOMMENDATION**

       Defendant.
_____/

On or about May 19, 2010, court-appointed defense counsel Leonard P. Fenn ("Counsel") submitted a voucher application numbered FLS 09 3430 with appended time sheets requesting $58,156.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied detailed time sheets and a brief letter of explanation dated May 19, 2010 (the "Letter of Explanation") in support of his voucher application. Counsel represented Defendant Alejandro Rabelo ("Defendant") for approximately eight (8) months from his appointment on July 30, 2009 until April 8, 2010.

Counsel seeks $58,156.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 811]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve an compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case "was a mortgage fraud case originally involving 14 defendants." (Letter of Explanation at 1). The grand jury issued an Indictment **[DE # 3]** in this matter on July 23, 2009.

The Indictment contained twenty (20) counts. The government alleged that Defendant and the codefendants were involved in a mortgage fraud conspiracy scheme to recruit straw buyers to purchase residential properties. The purpose of the scheme was to obtain money from various banks and lending institutions to finance the purchase of the properties through materially false representations and fraudulent pretenses concerning the true purchasers of the homes.

The scheme required the straw buyers to pose as home buyers when, in fact, the straw buyers were not to be either the true owners of the homes or responsible for making the monthly mortgage payments. Rather, other unnamed third persons were to be the true owners of the properties. In the scheme, the straw buyers would purchase the homes at highly inflated prices by obtaining mortgages on the properties. The true owners of the properties would fail to make payments on the mortgages and default on the loans. The various banks and lending institutions would be forced to foreclose on the properties,

suffering large losses.

The government charged Defendant with conspiracy to commit mail and wire fraud, and wire fraud. Defendant faced a maximum sentence of twenty (20) years imprisonment for Count I and twenty (20) years imprisonment for Counts XVII.

Second, the discovery in this matter was voluminous, consisting of "30 to 35 banker's boxes submitted to the jury, a dozen CDs worth of material and voluminous *Jencks* material." (Letter of Explanation at 1). The sheer volume of documents which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to attend a number of hearings and status conferences in this case. Plaintiff made appearances at an arraignment proceeding (7/30/09) and two hearings on legal issues (1/19/10 and 1/26/10). Counsel argued at these hearings in addition to appearing at a calendar call (2/10/10) and a number of status conferences (10/7/09, 11/4/09, 12/16/09 and 1/13/10).

Fourth, this case was more complex than the average case because Defendant pled not guilty and proceeded to trial. The trial lasted eight (8) weeks. The jury acquitted Defendant on Count XVI but could not reach a verdict on Count I. **[See DE # 667 & 668]**. Judge Graham declared a mistrial as to Count I. **[DE # 668]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of

the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 193 in-court hours totaling $24,075.50.

The CJA administrator also reviewed the 273 out-of-court hours sought by Counsel. Counsel sought compensation for 30.8 hours for "Interviews and conferences" and 158.9 hours for "Obtaining and reviewing records." Counsel also sought compensation for 19.1 hours for "Legal research and brief writing" and 44.4 hours of "Travel time." Counsel listed 19.8 hours for "Investigative and Other work."

The CJA administrator made one change to the out-of-court hours listed in the voucher. The CJA administrator slightly decreased the number of hours sought by Counsel for "Investigative and other work" to 19.6 hours.

Counsel also sought $385.10 in "Travel Expenses" and $351.90 in "Other Expenses." The CJA administrator reduced the total for "Travel Expenses" to $375.10 and the total for "Other Expenses" to $341.90. After making these adjustments, the CJA administrator concluded that the total amount sought for out-of-court hours was $33,363.50 and the overall total amount documented by Counsel in the voucher decreased slightly from $58,198.00 to $58,156.00.

### In-Court Hours[1]

Counsel sought 193 in-court hours totaling $24,075.50. The CJA administrator made no changes to these numbers. I approve this amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought 273 out-of-court hours. The CJA administrator reviewed the voucher and slightly decreased the total number of out-of-court hours to 272.8 for a total of $33,363.50.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Following submission of his voucher, I met with Counsel on October 12, 2010 and asked him to explain these entries. Counsel clarified many of the questionable entries. A few of the troublesome entries remain, however, and I recommend that these entries be eliminated:

| Date | Description | Hours |
|---|---|---|
| 7/30/09 | set up computer time sheets, electronic file | 0.2 hours |
| 8/12/09 | rev and print sdo and cj20 | 0.2 hours [reduce to 0.1 hours] |
| 9/1/09 | diary status conference | 0.1 hour |
| 3/12/10 | insns to ass't re: cd of M. Cruz jail calls | 0.1 hour |

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

I recommend that the above entries be eliminated because these entries are clerical duties that are not an appropriate use of billable time. The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for these entries (totaling 0.5 hours) which amounts to a reduction of $56.50.

Counsel also included two other entries that are not sufficiently detailed to comport with the requirements of the Supplemental Instructions:

| | | | |
|---|---|---|---|
| 8/20/09 | tc with cocounsel | 0.2 hours | [reduce to 0.1 hour] |
| 3/17/10 | tc from cocounsel | 0.2 hours | [reduce to 0.1 hour] |

The Supplemental Instructions makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversation, Counsel failed to explain the reason for the duration of these telephone conferences. This requires a reduction of $23.50.

Counsel also included a few entries that are so vague that it is impossible for the Court to determine whether these entries reflect an appropriate use of billable time:

| Date | Description | Hours |
|---|---|---|
| 1/14/10 | research | 1.4 hours |
| 1/20/10 | research | 1.4 hours |
| 3/12/10 | emails (3) | 0.2 hours |
| 3/15/10 | rev misc email fro cocounsel (4) | 0.3 hours |
| 3/16/10 | email | 0.1 hour |

I recommend that these entries be eliminated (or reduced) because it is impossible for the undersigned to determine the purpose and nature of these entries. Counsel fails to identify the recipients or subjects of the emails and fails to identify the purpose and subject of the research. As a result, I cannot determine if the emails and research were related to the defense of the case or whether these activities were a reasonable use of billable time. Accordingly, Counsel should not be compensated for these entries totaling 3.4 hours (resulting in a reduction of $425.00).

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $32,858.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full

compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).  As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $32,858.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $385.10 in "Travel Expenses."   Counsel also sought $351.90 in "Other Expenses." The CJA administrator reduced these amounts to $375.10 and $341.90, respectively. I hereby approve these corrected amounts.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the May 19, 2010 Letter of Explanation, the docket and filings in this case, I RECOMMEND that Counsel be paid $57,651.00 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this __19__ day of October, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Leonard P. Fenn, Esq.
    Lucy Lara, CJA administrator